**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GREGORY S. PHILLIPS,

    Petitioner,

-vs-                                                                       Case No.  8:06-CV-1344-T-30TBM

LEE HADI, PAM POGUE, and
ROSEMARY YEAGER,

    Respondents.

_____/

**<u>ORDER</u>**

This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 9) of the July 27, 2006 decision denying his petition for relief under 28 U.S.C. § 2241, *see* Dkt. 6, Application for Certificate of Appealability filed pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 10), and Application to Proceed Without Prepayment of Fees and Affidavit (Dkt. 11).

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), under the controlling standard, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the Petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).

Finding that the allegations in his petition do not relate to the fact of his conviction or the duration or execution of his sentence, the Court denied Petitioner's request for an order vacating an adjudication of dependency entered by the Sixth Judicial Circuit Court, Pinellas County, Florida, and restoring his right to contact and communicate with his minor child. *Id.* Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of the claims raised in his petition debatable or wrong. *See Slack*, 529 U.S. at 485.

ACCORDINGLY, the Court **ORDERS** that:

1. The Application for Certificate of Appealability (CV Dkt. 10) is **DENIED**.

2. The Application to Proceed Without Prepayment of Fees (Dkt. 11) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on September 26, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA/jsh
Copy furnished to:
All Parties/Counsel of Record

-2-